UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **MARK ANTHONY DELAFOSSE** | **CIVIL ACTION NO. 05-0427-LC** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on March 7, 2005 by *pro se* petitioner Mark Anthony Delafosse. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, where he is serving consecutive sentences imposed following his 1998 guilty pleas to manslaughter and armed robbery in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The pleadings, memoranda, and exhibits establish the following:

1. On January 23, 1997, petitioner was indicted on one count of first degree murder by the Calcasieu Parish Grand Jury. [Doc. 1, Memorandum, p. 1; Doc. 7, Exhibits, p. 42[1]]. On

---

[1] On June 2, 2005 and again on June 9, 2005, petitioner submitted documentary exhibits in support of his Amended Petition for Writ of *Habeas Corpus*. For ease of identification, the undersigned has numbered the pages of the documents. The exhibits associated with the June 2, 2005 filing are referred to as "Doc. 6, Exhibits, p. __;" the exhibits associated with the June 9, 2005 filing are referred to as "Doc. 7, Exhibits, p. __."

February 17, 1998, petitioner pled guilty to an amended indictment charging him with manslaughter and armed robbery. [Doc. 1, Memorandum, p. 1; Doc . 7, Exhibits, p. 42]. On June 5, 1998, petitioner was sentenced to serve two consecutive forty year sentences. [*Id.*, p. 2]. On some undisclosed date, petitioner filed a Motion to Reconsider sentence. On October 26, 1998, the motion to reconsider was denied. Petitioner did not appeal his conviction or sentence. [*Id.*]

2. On October 26, 2000, petitioner's mother retained counsel, Alfred F. Boustany, II, and directed him to file an Application for Post-Conviction Relief on behalf of her son. [*Id.*][2] Counsel filed an Application on October 27, 2000. [ Doc. 7, Exhibits, pp. 35-41]. On November 22, 2000, and again on February 9, 2001, the Application was denied by the trial court. [Doc. 1, Memorandum., p. 3]. Petitioner claims that he did not receive notice of the denial of his claims. [*Id.*]

3. On January 7, 2003, petitioner's retained post-conviction counsel filed a motion for removal as attorney of record. [*Id.*; see also Doc. 7, Exhibits, pp. 52-53. According to the Motion, Boustany withdrew because petitioner's family "failed to comply with a fee contract"].

4. On March 3, 2003, petitioner submitted a *pro se* "supplement to the timely filed application presenting legal arguments and a plea for a hearing for factual determination

---

[2] On October 27, 2000, petitioner received a letter from Mr. Boustany which stated, among other things, "Enclosed is a copy of the preliminary application [for post-conviction relief] filed on your behalf. We had a deadline of October 26, 2000 to file the application and your mother retained me on that date. Therefore, I filed a preliminary application and will file an amended application after I complete my research and investigation." [Doc. 7, Exhibits, p. 35; See also Doc. 7, Exhibits, pp. 54-58, letter from Mr. Boustany to petitioner's mother, Jennifer Thomas, dated March 21, 2003. Boustany wrote, "On October 24, 2000, I first spoke with you about your son." *Id.*, p. 54].

of newly discovered claims". [Doc. 1, Memorandum]. Petitioner has not provided a copy of this pleading.

5. On an unspecified date, petitioner discovered "that there was not a recorded filing of a 2000 application for post-conviction relief." Therefore, on May 12, 2003, petitioner filed a *pro se* application for post-conviction relief. Among other things, petitioner alleged, "An irreconcilable conflict existed for petitioner's court appointed attorney when he represented petitioner after representing the alleged victim in a drug case before petitioner was charged with the alleged killing of the victim. The attorney refused to remove himself from this case in spite of the conflict" and, "Two of the witnesses who falsely claimed petitioner robbed the victim now admit they were coerced into making that accusation and that petitioner did not commit the robbery." [Doc. 7, Exhibits, pp. 1-34 at pp. 11-12]. The State district court scheduled a hearing on petitioner's application, and on May 10, 2004, it ruled in his favor and granted relief, ordering the guilty pleas to be set aside and the original charge of first degree murder to be reinstated. [Doc. 1, Memorandum].

6. The State of Louisiana sought writs. On August 27, 2004, the Third Circuit reversed the order of the district court, having found:

> Defendant's applications for post-conviction relief filed on March 3, 2003, on May 15, 2003, and on May 21, 2003 were untimely filed. La. Code Crim.P. arts 930.8; *State v. Ford*, 96-2919 (La. 5/30/97), 694 So.2d 917; *State ex rel. Lewis v. Nineteenth Judicial Dist. Court, Parish of East Baton Rouge*, 604 So.2d 1012 (La. App. 1 Cir. 1992), writ denied, 604 So.2d 980 (La. 1992). Untimely applications are barred from review unless they both allege and show that they fall within one of the timeliness exceptions enumerated in La. Code Crim.P. art. 930.8.

3

> Defendant's applications neither allege nor show that they fit within the exceptions to La. Code Crim.P. art. 930.8. Thus, Defendant's applications were barred from review because they were untimely filed.
>
> Accordingly, the trial court's ruling, which granted Defendant post-conviction relief on those applications, is hereby reversed, vacated, and set aside. Defendant's original convictions and sentences are hereby reinstated. [*Id.* p. 4; see also *State of Louisiana v. Mark Anthony Delafosse*, No. KW 04-00763 (La. App. 3d Cir. 8/27/2004) at Doc. 6, Exhibit, p. 35].

7. Sometime between the date that the district court granted petitioner's Application for Post-Conviction Relief and the date that the Third Circuit Court of Appeals reversed the judgment of the district court, an attorney was appointed to represent the petitioner. On September 27, 2004, court appointed appellate counsel filed an *Anders*[3] brief. [See Doc. 6, Exhibits, pp. 3-16]. Thereafter, petitioner filed a *pro se* Supplemental Writ on the Merits wherein he stated "In his 2003 Petition for Post Conviction Relief, this defendant alleged that 'two of the witnesses who falsely claimed petitioner robbed the victim now admit they were coerced into making that accusation and that petitioner did not commit the robbery.'[4] This defendant did not know this fact in the three years' prescriptive period for the filing of the PCR and was thus granted an extension to file such under an

---

[3] See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) – When appointed appellate counsel has determined that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, she may file a brief establishing those facts and requesting permission of the court to withdraw from the case.

[4] The undersigned notes that this claim is not argued in the instant habeas corpus petition. Instead, petitioner argues only the attorney conflict of interest claim which he previously argued in his Application for Post-Conviction Relief. Obviously, petitioner did not raise the conflict of interest claim in his one and only writ application before the Louisiana Supreme Court, therefore, this claim is not exhausted. Of course, were petitioner to attempt to raise the claim before the Louisiana courts at this time, his claim would be subject to dismissal as time-barred. Petitioner's federal claim is thus "technically exhausted" but now procedurally defaulted and subject to dismissal on that basis. However, as is shown hereinafter, petitioner's claims are also time-barred and dismissal on that basis instead of the exhaustion/procedural default basis is recommended.

4

exception to Art. 930.8." [*Id*., pp. 18-32 at p. 27].

8. On February 4, 2005, petitioner's writ application to the Supreme Court was denied. [*Id*., p. 5; See also, *State v. Mark Anthony Delafosse*, 2004-2392 (La. 2/4/2005), 893 So.2d 84.]

9. Petitioner signed his federal *habeas corpus* petition on March 3, 2005; it was received and filed on March 7, 2005. Petitioner raised a single claim for relief, "Whether Mr. Delafosse's guilty plea rested on a valid waiver of his 'right to be represented by an attorney,' where a remote conflict of interest existed and the trial court was not alerted to by counsel for the trial court to determine the guilty plea knowingly, voluntarily, and understandingly entered."[5] [Doc. 1-1, p. 12]

10. On May 11, 2005, the undersigned directed petitioner to amend his pleadings to provide, among other things, "a comprehensible argument supported by documentary evidence" relative to petitioner's claim that the AEDPA timeliness analysis should be reckoned from those events specified in §2244(d)(1)(B) and (D). Petitioner was also directed to address the issue of equitable tolling. [Doc. 5]. On June 2, 2005, and again on June 9, 2005, petitioner supplemented his original petition by filing an Amended Petition and exhibits. [Docs. 6 and 7].

For the reasons discussed below, the undersigned finds this petition to be time-barred under the provisions of 28 U.S.C. § 2244(d)(1) and therefore subject to dismissal on that ground.

---

[5] See footnote 4, supra.

## LAW AND ANALYSIS

### 1. 28 U.S.C. §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". 28 U.S.C. §2244(d)(1)(A).[6] However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

As indicated above, petitioner did not appeal his conviction and sentence. For AEDPA

---

[6] Petitioner contends that the period of limitations should be reckoned from dates other than the date of finality of judgment. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]. That claim is addressed in the second and third parts of this Report.

purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], on or about November 3, 1998.[7] Under 28 U.S.C. § 2244(d)(1) he had one year, or until November 3, 1999, to file his federal *habeas* petition. Petitioner's first application for State Post-conviction relief was filed on October 26, 2000, well beyond the one year time limit. Because the one-year limitation period had already expired by the time the post-conviction-relief application was filed, the filing of the petition could not toll the limitations period. Therefore, Petitioner's *habeas corpus* claim is clearly time-barred if the AEDPA limitations period is reckoned from the date of finality of judgment.

## 2. 28 U.S.C. § 2244(d)(1)(B)

Petitioner contends that the timeliness of his federal *habeas* petition should be reckoned from "the date on which the impediment to filing an application created by State action in violation of the Constitution of the United States is removed, if the applicant was prevented from filing by such State action." *See* 28 U.S.C. § 2244(d)(1)(B). Although this section does not define what constitutes an "impediment", its "plain language . . . makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*,

---

[7] See La. C.Cr.P. art. 914(b)(2) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner's Motion to Reconsider Sentence was denied on Monday, October 26, 1998. The five day delay for filing an appeal commenced on Tuesday, October 27. Saturday, October 31 and Sunday, November 1 were legal holidays. The five day period for taking an appeal ended on Monday, November 2, 1998. Therefore, petitioner's judgment of conviction and sentence became final, at the latest, on Tuesday, November 3, 1998.

7

296 F.3d 630, 633 (7th Cir.2002). To satisfy this subparagraph, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir.2003).

Petitioner's claim that State action created an impediment to the filing of his federal *habeas corpus* petition is unsupported by the record. Petitioner faults the Calcasieu Parish Clerk of Court for not advising petitioner of the progress of the first Application for Post-Conviction Relief. However, that pleading was filed by retained counsel, Mr. Boustany. Any failure to keep the petitioner appraised of the progress of the litigation would be the fault of counsel, not of the Clerk of Court.[8]

### 3. 28 U.S.C. § 2244(d)(1)(D)

Petitioner also contends that the limitations period should be reckoned from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence". *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner suggests that the factual predicate for his claim was "acquired May 10, 2004, through a hearing held in the state district court." [Doc.1, Memorandum, p. 6]. This allegation is refuted by the documents submitted by the petitioner as exhibits. According to the correspondence of Mr. Boustany, petitioner and his family were aware of the factual basis of his claim regarding attorney conflict when Boustany was retained in October, 2000 to represent petitioner in post-conviction litigation. [See Doc. 7, Exhibits, pp. 35-41; see also pp. 54-58].

---

[8]Notwithstanding petitioner's contention that he did not know that status of his post-conviction proceedings, the evidence in the record suggests that Mr. Boustany did, in fact, stay in touch with either petitioner or his family during the early stages of litigation up through May, 2001. *See* Mr. Boustany's letter dated March 21, 2003, attached to Doc. 7, Exhibits pp. 57-58. Additionally, petitioner candidly admits that "had long suspected that there was an improper denial of that post-conviction" based upon telephone conversations he had with Mr. Boustany. [See Doc. 7-1, p. 3].

Assuming for purposes of this evaluation that petitioner first became aware of the factual basis of his claim immediately before Mr. Boustany was retained, the limitations period would have commenced at the latest with the filing of the post-conviction-relief application on October 27, 2000. This petition would have tolled the limitations period until February 9, 2001 when the application was dismissed by the trial court. More than one year elapsed between the dismissal of the first post-conviction-relief application and the filing of the second post-conviction-relief application by petitioner on March 3, 2003. Therefore, even if the limitations period is reckoned from October, 2000, petitioner's present *habeas* claim is time-barred.

### 4. Equitable Tolling

Finally, it should be noted that the Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). This court knows of no reason which would support equitable tolling of the statute of limitations in this case. The petitioner has not alleged that he was actively misled by the State of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights in a timely fashion.

Indeed, the evidence suggests that at best, he can claim attorney error or neglect as the cause for his default. Such a claim is insufficient to support a request for equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (A lack of representation during the limitations period did not warrant equitable tolling); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th

Cir.2002), *cert. denied*, 538 U.S. 947, 123 S.Ct. 1621, 155 L.Ed.2d 489 (2003) (An attorney's erroneous interpretation of the limitations provision was not an excuse for timely filing a § 2254 petition); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002)( "[M]ere attorney error or neglect" is not an "extraordinary circumstance" warranting equitable tolling); and *Moore v. Cockrell*, 313 F.3d 880 (5th Cir.2002)(An attorney's delay in notifying a petitioner of the result of his direct appeal did not warrant equitable tolling.)

## **CONCLUSION**

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). The statutory tolling provisions of §2244(d)(1)(B) do not apply to petitioner's case since he is unable to identify a State-created impediment to the filing of his federal claim. The statutory tolling provisions of §2244(d)(1)(D) are likewise inapplicable, because even if petitioner is given the benefit of the later date suggested by this section, more than one-year elapsed between the date petitioner became aware of the factual predicate of his claim and the date he filed his *pro se* Application for Post-Conviction Relief. Finally, equitable tolling does not apply.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of February, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE