RECEIVED
IN LAKE CHARLES, LA

APR 13 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY DELAFOSSE** | : | **DOCKET NO. 2:05 CV 0427** |
| VS. | : | JUDGE MINALDI |
| **BURL CAIN, WARDEN** | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

The petitioner, Mark Anthony Delafosse, has filed a "Motion for Relief from Final Judgment Under F.R.Civ.P. Rule 60" [doc. 13]. Delafosse seeks relief from final judgment pursuant to F.R.Civ.P. 60(b)(1) and (6).

F.R.Civ.P. Rule 60, in pertinent part, states:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Federal Rules of Civil Procedure Rule 60.

Under Rule 60(b)(1), a district court may grant relief from a judgment for "mistake,

inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. Fed.R.Civ.P. 60(b)(1). Pertinent to a motion for relief from a default judgment, courts are to consider: (1) the extent of prejudice to the plaintiff; (2) the culpability of the defendant's conduct; and (3) the merits of the defendant's asserted defense. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir.1999). Additional factors may be considered by the court as well, and "the decision of whether to grant relief under Rule 60(b)(1) falls within [the district court's] sound discretion." *Id.* at 939; *Warfield v. Byron*, 436 F.3d 551, 556 (C.A.5 (Tex.), 2006).

Under Rule 60(b)(6), the district court may relieve a party of a final judgment for any "reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6); *Williams v. Sheriff's Dept., Iberia Parish*, 2006 WL 470607, *1 (5th Cir.(La. (C.A.5 (La.), 2006).

Delafosse filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. §2254 on March 7, 2005. The petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is serving consecutive sentences imposed following his 1998 guilty pleas to manslaughter and armed robbery. As indicated in the Report and Recommendation issued by Magistrate Judge Wilson, Delafosse did not appeal his conviction and sentence. For the purpose of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the petitioner's judgment of conviction and sentence became final by the conclusion of the direct review or the expiration of the time for seeking such review on or about November 3, 1998. According to the AEDPA, the petitioner had one year, or until November 3, 1999, to file his federal *habeas* petition. Delafosse's first application for State post-conviction relief was filed on October 26, 2000, well beyond the one year time limit. The Magistrate Judge found that this petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A). The Magistrate Judge recommended that this petition for *habeas corpus*

should be denied and dismissed with prejudice. An objection to the Report and Recommendation of the Magistrate Judge was filed and considered by the District Court before Judgment was granted denying and dismissing the petition for *habeas corpus*.

In the instant motion Delafosse states that the judgment should be vacated because "the state court adjudicated the petition for post-conviction relief filed outside of the one-year limitation of 28 U.S.C.§2244(d) for the first time on May 14, 2004." (P.3 of Petitioner's Motion). This argument was thoroughly discussed in the Magistrate Judge's Report and Recommendation. The argument was not found to be meritorious. No other basis for a Rule 60(b) judgment has been submitted by the petitioner.

The court finds no evidence of "mistake, inadvertence, surprise, or excusable neglect." F.R.Civ.P. 60(b). Nor has the petitioner submitted any "reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Accordingly, his motion will be denied.

Lake Charles, Louisiana, this 12 day of April, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE